**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:   Steven J. Bushinsky, Esquire
       David T. Szawlewicz, Esquire

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; TRUSTEES OF PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE, <br><br> *Plaintiffs,* <br><br> v. <br><br> **DANCO PAINTING, LLC** <br><br> *Defendant.* | Civil Action No.: <br><br><br> **COMPLAINT** |

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because Defendant maintains a principal place of business in the State of New Jersey.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4. Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund; Trustees of Painters District Council 711 Finishing Trades Institute; International Union of Painters and Allied Trades District Council 711 Health & Welfare; International Union of Painters and Allied Trades District Council 711 Vacation Fund; and Painters District Council 711 Finishing Trades Institute (hereinafter the "Funds") are Trust Funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) and are employee benefit plans established

2

and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. § 1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants.

5. The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6. The Funds maintain their principal place of business at 27 Roland Avenue, Suite 200, Mt. Laurel, New Jersey 08054.

7. The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

8. Defendant, Danco Painting, LLC, is referred to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

9. Upon information and belief, Danco Painting, LLC's principal place of business is located at 3020 S. Broad Street, Philadelphia, Pennsylvania 19145, and also uses the mailing address of 313 Stokes Avenue, Ewing, New Jersey 08638.

10. Danco Painting, LLC conducts and/or has conducted business in the State of New Jersey.

## COUNT ONE

11. The Funds incorporate the allegations in Paragraphs 1 through 13 of this Complaint as if set forth herein in their entirety.

12. The collective bargaining agreement ("CBA") in effect between Danco Painting, LLC and International Union of Painters and Allied Trades District Council 711 ("Union") requires that certain contributions be made to the Funds on behalf of eligible employees of Danco Painting, LLC who were employed on projects within the State of New Jersey.

13. By virtue of the CBA, Defendant agreed to abide by the terms of the Policy for the Collection of Delinquent Contributions ("Collection Policy") and Declaration of Trust which govern the Funds ("Trust Agreement"). The Trust Agreement sets forth the rules and regulations with respect to participation in and administration of the Funds. In particular, the Trust Agreement, in accordance with federal law and administrative regulations, requires that fringe benefit contributions be made for eligible participants on a timely basis.

14. Danco Painting, LLC is required by the parties' CBA, Collection Policy, Trust Agreement, and federal law, to allow the Funds to audit its records, to cooperate in determining the amount owed to the Fund, and to pay the costs of the audit if found to be delinquent.

15. Danco Painting, LLC has failed to remit and/or has only remitted a portion of the required contributions to the Funds for the benefit of its employees for the period of time, including, but not limited to, June 1, 2016 through October 7, 2016.

16. Additionally, a payroll compliance review was performed for the plan years 2014 through 2016 for the Funds and fringe benefits delinquencies were discovered.

17. Payment of the delinquent contributions and penalties assessed against Danco Painting, LLC has been demanded by the Funds on numerous occasions, but Danco Painting, LLC has refused to submit the required payments.

18. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

19. Defendant's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

20. This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorney's fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order Defendant Danco Painting, LLC to pay all contributions due and owing to the Funds;

(B) Order Defendant Danco Painting, LLC to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C) Order Defendant Danco Painting, LLC to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

(D) Order Defendant Danco Painting, LLC to specifically perform all obligations to the Funds under the CBA;

(E) Order Defendant Danco Painting, LLC to pay the Funds' reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g);

(F) Order Defendant Danco Painting, LLC to pay all applicable audit costs and fees uncovered by said audit; and

(G) Order any such other and further relief as this Court may deem equitable, just and appropriate.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: _____
David T. Szawlewicz, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/Fax: 856-795-2182
dszawlewicz@obbblaw.com

Dated: 8/4/17